| PROB 22-DC (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 1:19CR00070-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* 23-tp-20046-Gayles |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Kessey Durand | DISTRICT District of Columbia | DIVISION U.S. Probation Office |
|---|---|---|
| FILED BY ___ JBS ___ D.C. Jun 6, 2023 ANGELA E. NOBLE CLERK U.S. DIST. CT. S. D. OF FLA. - MIAMI | NAME OF SENTENCING JUDGE Beryl A. Howell | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 10/08/2020    TO 10/07/2023 |

| OFFENSE Wire Fraud 18 USC § 1343 |
|---|

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Sothern District of Florida upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| April 7, 2023 | *Beryl A. Howell* |
|---|---|
| *Date* | *United State District  Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District of Florida

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 06/02/23 | *K. M. Moore* |
|---|---|
| *Effective Date* | *United States District Judge* |

CAT A,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:19-cr-00070-BAH-1

Case title: USA v. DURAND                    Date Filed: 02/21/2019

Assigned to: Judge Beryl A. Howell

**Defendant (1)**

**KESSEY DURAND**          represented by   **Charles R. Haskell**
LAW OFFICES OF CHARLES R.
HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel J. Izquierdo**
IZQUIERDO LAW FIRM, P.A.
2655 Le Jeune Road
Suite 805
Coral Gables, FL 33134
(305) 707-7345
Fax: (305) 402-2420
Email: daniel@izlegal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Hac Vice*

**Pending Counts**                           **Disposition**

18:1343; FRAUD BY WIRE, RADIO, OR            Defendant sentenced to a term of fifteen
TELEVISION; Wire Fraud.                      (15) months of incarceration followed by a
(1)                                          term of supervised release of thirty-six (36)
                                             months. A $100.00 special assessment
                                             imposed; imposition of a fine waived; a
                                             restitution amount of $44,299.44 imposed;
                                             Forfeiture Order entered.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

---

**Plaintiff**

**USA**                          represented by   **Jonathan P. Hooks**
                                                 U.S. ATTORNEY'S OFFICE/DISTRICT
                                                 OF COLUMBIA
                                                 Cyber Crime Section, Criminal Divison
                                                 555 Fourth Street, NW
                                                 Room 4247
                                                 Washington, DC 20530
                                                 (202) 252-7796
                                                 Fax: (202) 307-2304
                                                 Email: jonathan.hooks@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Assistant U.S. Attorney*

                                                 **W. Joss Nichols**
                                                 U.S. ATTORNEY'S OFFICE
                                                 555 Fourth Street, NW
                                                 Washington, DC 20530
                                                 (202) 252-1717
                                                 Email: joss.nichols@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2019 | 1 | INFORMATION as to KESSEY DURAND (1) count(s) 1 (FORFEITURE ALLEGATION). (zad) (Entered: 02/25/2019) |
| 02/25/2019 | 2 | STANDING ORDER. Signed by Chief Judge Beryl A. Howell on February 25, 2019. (lcbah3) (Entered: 02/25/2019) |
| 02/25/2019 | | NOTICE OF HEARING as to KESSEY DURAND. The parties shall take notice that an Arraignment and Plea Agreement Hearing is scheduled for 3/8/2019, at 10:00 AM in Courtroom 22A before Chief Judge Beryl A. Howell. (tg) (Entered: 02/25/2019) |
| 02/26/2019 | 3 | First MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Daniel J. Izquierdo. :Address- Izquierdo Law Firm, P.A., 2655 Le Jeune Road, Suite 805, Coral Gables, FL 33134 Phone No. - (305) 707-7345. Filing fee $ 100, receipt number 0090-5967100. Fee Status: Fee Paid. by KESSEY DURAND. (Attachments: # 1 Declaration Pro Hac Vice |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Declaration)(Haskell, Charles) Modified attorney's information on 2/26/2019 (tg). (Entered: 02/26/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
| 02/26/2019 | 4  | SUPPLEMENT 3 First MOTION for Leave to Appear Pro Hac Vice :Attorney Name-Daniel J. Izquierdo. :Address- Izquierdo Law Firm, P.A., 2655 Le Jeune Road, Suite 805, Coral Gables, FL 33134 Phone No. - (305) 707-7345. Filing fee $ 100, receipt number 0090-5967100. Fee Status: Fee Paid filed by KESSEY DURAND by KESSEY DURAND. (Haskell, Charles) Modified attorney's information on 2/26/2019 (tg). Modified event title on 3/14/2019 (znmw). (Entered: 02/26/2019)                                                                                                                                           |
| 02/26/2019 |    | MINUTE ORDER (paperless) GRANTING the defendant's 3 Motion for Admission of Attorney Daniel J. Izquierdo, *Pro Hac Vice*, as supplemented by the 4 Declaration of Daniel J. Izquierdo. Mr. Daniel J. Izquierdo, Esq. may enter an appearance *pro hac vice* for the purpose of representing the defendant in this action. Signed by Chief Judge Beryl A. Howell on February 26, 2019. (lcbah3) (Entered: 02/26/2019)                                                                                                                                                                                             |
| 02/26/2019 |    | Attorney update in case as to KESSEY DURAND. Attorney Daniel J. Izquierdo for KESSEY DURAND added. (tg) (Entered: 02/26/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| 02/26/2019 | 5  | NOTICE OF ATTORNEY APPEARANCE: Daniel J. Izquierdo appearing for KESSEY DURAND (Izquierdo, Daniel) (Entered: 02/26/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| 02/27/2019 | 6  | Unopposed MOTION to Continue by KESSEY DURAND. (Attachments: # 1 Text of Proposed Order)(Izquierdo, Daniel) (Entered: 02/27/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| 02/27/2019 |    | MINUTE ORDER granting 6 Defendant's Unopposed Motion for Continuance as to KESSEY DURAND. Upon consideration of the unopposed motion and the Defendant's waiver of his right to a speedy trial, it is hereby ORDERED that the Arraignment and Plea Agreement Hearing originally scheduled for March 8, 2019, is CONTINUED to March 22, 2019, at 10:00 AM in Courtroom 22A before Chief Judge Beryl A. Howell. The Court FURTHER ORDERS that time under the Speedy Trial Act shall be excluded in the best interest of justice until March 22, 2019. Signed by Chief Judge Beryl A. Howell on 2/27/2019. (tg) (Entered: 02/27/2019) |
| 03/22/2019 |    | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Arraignment/Plea Agreement Hearing as to KESSEY DURAND held on 3/22/2019. Defendant sworn. Plea of guilty entered by KESSEY DURAND to Count 1 of the Information filed on 2/21/2019. Case referred to the Probation Office for Presentence Investigation. Sentencing Hearing scheduled for 6/28/2019, at 9:30 AM in Courtroom 22A before Chief Judge Beryl A. Howell. Defendant released on his own personal recognizance. Bond Status of Defendant: Personal Recognizance. Present: Defense Attorneys: Daniel J. Izquierdo and Charles R. Haskell; US Attorney: W. Joss Nichols; Pretrial Officer: Masharia Holman; and the Defendant. Court Reporter: Elizabeth Saint-Loth. (tg) (Entered: 03/22/2019) |
| 03/22/2019 | 8  | PLEA AGREEMENT as to KESSEY DURAND. (zg) (Entered: 03/22/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                               |
| 03/22/2019 | 9  | STATEMENT OF OFFENSE by USA as to KESSEY DURAND. (tg) (Entered: 03/22/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| 03/22/2019 | 10 | ELEMENTS OF THE OFFENSE by USA as to KESSEY DURAND. (tg) (Entered: 03/22/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                               |
| 03/22/2019 | 11 | WAIVER OF INDICTMENT by KESSEY DURAND. Signed by Chief Judge Beryl A. Howell on 3/22/2019. (tg) (Entered: 03/22/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
| 03/22/2019 | 12 | WAIVER of Right to Trial by Jury as to KESSEY DURAND. Approved by Chief Judge Beryl A. Howell on 3/22/2019. (tg) (Entered: 03/22/2019)                                                                                                                                                                                                                                                                                                                                                                                                                                                                        |

| 03/22/2019 | 13 | ORDER Setting Conditions of Release as to KESSEY DURAND. Signed by Chief Judge Beryl A. Howell on 3/22/2019. (Attachments: # 1 Appearance Bond) (tg) Modified - redacted defendant's address on 3/25/2019 (tg). (Entered: 03/22/2019) |
| --- | --- | --- |
| 03/22/2019 | 14 | ORDER FOR ROUTINE PROCESSING as to KESSEY DURAND. Signed by Chief Judge Beryl A. Howell on 3/22/2019. (tg) (Entered: 03/22/2019) |
| 03/22/2019 | 15 | CONSENT PRELIMINARY ORDER OF FORFEITURE as to KESSEY DURAND. Signed by Chief Judge Beryl A. Howell on 3/22/2019. (tg) (Entered: 03/22/2019) |
| 05/10/2019 | | NOTICE OF RESCHEDULED HEARING as to KESSEY DURAND. The parties shall take notice that the Sentencing Hearing originally scheduled for June 28, 2019, is RESCHEDULED for August 2, 2019, at 9:30 AM in Courtroom 22A before Chief Judge Beryl A. Howell. (tg) (Entered: 05/10/2019) |
| 07/25/2019 | 21 | NOTICE *of Declaration of Publication* by USA as to KESSEY DURAND re 15 Order for Forfeiture of Property (Nichols, W.) (Entered: 07/25/2019) |
| 07/26/2019 | 22 | SENTENCING MEMORANDUM by KESSEY DURAND (Izquierdo, Daniel) (Entered: 07/26/2019) |
| 07/26/2019 | 23 | SENTENCING MEMORANDUM by USA as to KESSEY DURAND (Nichols, W.) (Entered: 07/26/2019) |
| 08/02/2019 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Sentencing held on 8/2/2019 as to KESSEY DURAND. A downward variance was granted by the Court. Defendant sentenced on Count 1 to serve a term of fifteen (15) months of incarceration followed by a term of supervised release of thirty-six (36) months. The Defendant shall pay a $100.00 special assessment payable to the Clerk of Court for the U.S. District Court for the District of Columbia; imposition of a fine waived; a restitution amount of $44,299.44 imposed; Forfeiture Order entered. The special restitution amount shall be paid to the Clerk of Court for the U.S. District Court for the District of Columbia for disbursement to the victim, Pension Benefit Guaranty Corporation (PBGC). Oral motion by Counsel for the Defendant to voluntary surrender and for a recommendation for prison camp placement in Miami or Pensacola, Florida, heard and granted without objection. The Defendant will continue to be released on his personal recognizance under the same conditions of release. Bond Status of Defendant: personal recognizance. Defense Attorney: Daniel J. Izquierdo and Charles R. Haskell; US Attorney: Jonathan Hooks; Probation Officer: Sherry Brandon; Representative for the Victim: Mr. Novak from PBGC; and the Defendant. (tg) (Entered: 08/02/2019) |
| 08/02/2019 | 28 | CONSENT FINAL ORDER OF FORFEITURE as to KESSEY DURAND. Signed by Chief Judge Beryl A. Howell on 8/2/2019. (tg) (Entered: 08/02/2019) |
| 08/02/2019 | 29 | JUDGMENT as to KESSEY DURAND. Statement of Reasons Not Included.. Signed by Chief Judge Beryl A. Howell on 8/2/2019. (Attachments: # 1 Consent Final Order of Forfeiture) (zef, ) (Entered: 08/02/2019) |
| 08/02/2019 | 30 | STATEMENT OF REASONS as to KESSEY DURAND. re 29 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court.. Signed by Chief Judge Beryl A. Howell on 8/2/2019. (zef, ) (Entered: 08/02/2019) |
| 08/28/2019 | 31 | Unopposed MOTION for Extension of Time to *Surrender to BOP* by KESSEY DURAND. (Attachments: # 1 Text of Proposed Order Proposed Order to Extend Surrender)(Izquierdo, Daniel) (Entered: 08/28/2019) |

| 08/29/2019 | | MINUTE ORDER granting 31 Motion for Extension of Time as to KESSEY DURAND. It is hereby ORDERED that KESSEY DURAND's surrender date to the Bureau of Prisons is hereby extended to September 17, 2019. Signed by Chief Judge Beryl A. Howell on 8/29/2019. (hmc) (Entered: 08/29/2019) |
|---|---|---|
| 09/05/2019 | 32 | NOTICE OF ATTORNEY APPEARANCE Jonathan P. Hooks appearing for USA. (Hooks, Jonathan) (Entered: 09/05/2019) |
| 09/05/2019 | 33 | Consent MOTION to Amend/Correct 29 Judgment *and Commitment Order* by USA as to KESSEY DURAND. (Hooks, Jonathan) (Entered: 09/05/2019) |
| 09/05/2019 | | MINUTE ORDER granting 33 Motion to Amend/Correct as to KESSEY DURAND. Upon consideration of the consent motion, it is hereby ORDERED that pursuant to Federal Rule of Criminal Procedure 36, the Judgment and Commitment Order entered on August 2, 2019, shall be amended to include a forfeiture money judgment in the amount of $39,663.45 as reflected in the Consent Final Order of Forfeiture entered on August 2, 2019. Signed by Chief Judge Beryl A. Howell on 9/5/2019. (tg) (Entered: 09/05/2019) |
| 09/05/2019 | 34 | AMENDED JUDGMENT as to KESSEY DURAND.. Signed by Chief Judge Beryl A. Howell on 9/5/2019. (zef, ) (Entered: 09/06/2019) |
| 04/07/2023 | | MINUTE ORDER granting 35 Probation Petition as to KESSEY DURAND, concurring with the recommendation of the Probation Office to "modify Mr. Durand's special conditions to include: The defendant shall pay restitution at the rate of $ 160 per month until such time as the Court may alter that payment schedule in the interest of justice. The U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. Transfer jurisdiction of this case to the United District Court for the Southern District of Florida". Signed by Judge Beryl A. Howell on 4/7/2023. (ztg) (Entered: 04/07/2023) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| KESSEY DURAND, | : | VIOLATION: |
| | : | 18 U.S.C. § 1343 |
| Defendant. | : | (Wire Fraud) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 982(a)(2) and § 981(a)(1); |
| | : | and 21 U.S.C. § 853(p) |

# I N F O R M A T I O N

The United States Attorney charges that:

### Background

Case: 1:19–cr–00070
Assigned To : Chief Judge Howell, Beryl A.
Assign. Date : 2/21/2019
Description: INFORMATION (A)

At all times relevant to this Information:

1.     "Metabank" is a federally chartered savings bank headquartered in Sioux Falls, SD.  It operates Meta Payment Systems, which offers various financial products, including prepaid reloadable debit cards.

2.     The Pension Benefit Guaranty Corporation ("PBGC") is a federal corporation within the U.S. Department of Labor.  PBGC is headquartered in Washington, DC, with field offices in five locations including Miami, FL, as well as a call center in Kingstowne, VA.  PBGC provides pension benefits to participants of private-sector defined benefit plans after those plans are terminated.

3.     PBGC maintains a plan participant database that contains the names and the associated pension plan of the participants as well as unique identifiers such as social security numbers, dates of birth, residential details, and banking and routing information.

4.     PBGC transmits electronic funds transfer instructions every month from Washington, DC, to PBGC's paying agent, BANK-1.  BANK-1 pays monthly benefits to retirees and beneficiaries on behalf of PBGC.

5.     PBGC allows plan participants to conduct certain transactions regarding their pension benefits through an online web application called MyPBA, accessible at https://mypba.pbgc.gov, that is hosted on a server located in Washington, DC.  These transactions include applying for benefits, changing address or email information, and applying and editing electronic direct deposit ("EDD") information.

6.     MyPBA accounts can be created with a plan participant's first and last name, social security number, any email address, and the PBGC pension plan number.  Once the account is created, the user can make changes to EDD bank routing, view payment history, view images of previously mailed checks, update personal information, request benefit estimates, and apply for benefits.

7.     On March 31, 2003, PBGC assumed responsibility for a retirement income plan for COMPANY-1, and began paying the defined benefit pensions of some of COMPANY-1's employees and retired employees in accordance with that plan.

### The Defendant

8.     At all times relevant to this Information, KESSEY DURAND, the defendant, resided in Miami, FL.

9.     From on or about January 2 to February 23, 2018, KESSEY DURAND, the defendant, worked at PBGC's Miami field office.  As part of his responsibilities, DURAND had access to the database containing COMPANY-1's pension plan participant data.

2

## The Scheme to Defraud

10.     From on or about January 13 to June 18, 2018, KESSEY DURAND, the

defendant, engaged in a scheme to defraud PBGC out of monthly payments to COMPANY-1's

pension plan participants by redirecting EDD payments to Metabank accounts controlled by

DURAND.

11.     As part of this scheme, KESSEY DURAND, the defendant, used information he

obtained from the PBGC pension plan participant database to create and change MyPBA

accounts associated with COMPANY-1's pension plan participants through the MyPBA web

application.  Using MyPBA, DURAND changed the EDD information for those plan participants

so that PBGC, through BANK-1, would pay those participants' monthly benefits to DURAND

rather than the participants.

12.     In other instances, KESSEY DURAND, the defendant, used information he

obtained from the PBGC pension plan participant database to change EDD information for

COMPANY-1's pension plan participants by calling the PBGC call center.  DURAND thereby

instructed PBGC call center employees to change the EDD information for those plan

participants so that PBGC, through BANK-1, would pay those participants' monthly benefits to

DURAND rather than to the participants.

13.     In no case did KESSEY DURAND, the defendant, have the lawful authority to

change EDD information for any COMPANY-1 pension plan or to use personal identifying

information to access, to set up, or to change any accounts for any such participant.

//

//

//

//

3

## COUNT 1
### 18 U.S.C. § 1343
### (Wire Fraud)

The United States Attorney further charges:

14.     The allegations contained in paragraphs 1 through 13 are repeated and realleged as though fully set forth herein.

15.     On or about January 16, 2018, in the District of Columbia and elsewhere, KESSEY DURAND, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice. At all relevant times, DURAND acted with the intent to defraud.

16.     On or about January 16, 2018, KESSEY DURAND, the defendant, used the MyPBA web application to change the EDD information for the account of victim R.G. to a Metabank account, ending in 3200, controlled by DURAND, thereby obtaining $6,323.92 of R.G.'s monthly pension payment.

17.     Through the scheme and artifice to defraud alleged herein, KESSEY DURAND, the defendant, acquired approximately $39,663 in pension payments to which he was not entitled, and he attempted to acquire a total of approximately $107,123.46 in pension payments to which he was not entitled.

(All in violation of Title 18, United States Code, Section 1343.)

### FORFEITURE ALLEGATION

18.     As a result of committing the offense alleged in Count One of this Information, KESSEY DURAND, the defendant, shall forfeit to the United States, pursuant to Title 18,

4

United States Code, Section 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of that offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of that offense.

19. As a result of committing the offense alleged in Count One of this Information, KESSEY DURAND, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(D)(vi) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to that offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to that offense.

### Substitute Assets Provision

20. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 981(a)(1)(D)(vi); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p))

/s/
JESSIE K. LIU
UNITED STATES ATTORNEY

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

### FILED

### AUG 2 – 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

District of Columbia

UNITED STATES OF AMERICA

v.

KESSEY DURAND
a/k/a Kessey Reggie Durand

)
)
)
)
)
)
)
)
)
)

## JUDGMENT IN A CRIMINAL CASE

Case Number:  19CR70-01 (BAH)

USM Number:  35508-016

Daniel J. Izquierdo and Charles R. Haskell
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)      1 of the Information filed on 2/21/2019.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | 6/18/2018 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/2/2019
Date of Imposition of Judgment

_Beryl A. Howell_
Signature of Judge

Beryl A. Howell        Chief U.S. District Judge
Name and Title of Judge

_August 2, 2019_
Date

AO 245B (Rev. 02/18)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT:  KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER:  19CR70-01 (BAH)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

FIFTEEN (15) MONTHS on Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons designate incarceration at a facility in the vicinity of Miami, FL or Pensacola, FL.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
                        Sheet 3 — Supervised Release

Judgment—Page    3    of    8

DEFENDANT:    KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER:   19CR70-01 (BAH)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

THIRTY-SIX (36) MONTHS.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 8 |

DEFENDANT: KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER: 19CR70-01 (BAH)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page  5  of  8

DEFENDANT:  KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER:  19CR70-01 (BAH)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

Special Assessment - The $100.00 Special Assessment which the defendant is ordered to pay shall be due immediately and shall be payable to the Clerk of the Court for the United States District Court for the District of Columbia.

Restitution Obligation - The defendant shall pay restitution in the amount of $44,299.44 in accordance to the schedule ordered by the Court under the Special Conditions of Supervision.  Restitution payments shall be made to the Clerk of the Court for the United States District Court for the District of Columbia for disbursement to the victim, Pension Benefit Guaranty Corporation, Attn: Margaret Drake, 1200 K Street, NW, Washington, DC 20005.

Change of Address - Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the United States District Court for the District of Columbia, of the change until such time as the financial obligation is paid in full.

AO 245B(Rev. 02/18)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  6  of  8

DEFENDANT:  KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER:  19CR70-01 (BAH)

## SPECIAL CONDITIONS OF SUPERVISION

Community Service - The defendant must complete 100 hours of community service within 18 months.  The probation officer will supervise the participation in the program by approving the program.  The defendant must provide written verification of completed hours to the probation officer.

Financial Information Disclosure - The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the United States Attorney's Office.

Financial Restrictions -  The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Financial Payment - If the judgment imposes a financial penalty, the defendant must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment.  He must also notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Restitution Obligation - The defendant must pay the balance of any restitution owed in accordance with the following schedule, 1) during the defendant's period of incarceration, he must pay restitution in nominal payments of either quarterly installments of a minimum of $25.00 if not working in prison or a minimum of 50 percent of monthly earnings if working in prison; and 2) when the defendant is released from prison, he must pay restitution at a rate of no less than $75.00 each month.

Employment/Volunteer Restrictions - The defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable access to financial records without the permission of the probation officer.

The Court finds that the provision for submission of periodic drug tests, as required under 18 USC 3563(a) and 3583(b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.  Treatment agencies shall return the presentence report to the probation office upon the defendant's completion or termination from treatment.

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant, Kessey Durand, is ordered to forfeit a money judgment in the amount of the U.S. Currency seized from MetaBank accounts ending in 3200, 7336, 4734, 2894, 8473, 8668 and 8932, and as set forth in the Final Order of Forfeiture.  (Consent Final Order of Forfeiture attached.)

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 7 | of | 8 |
|---|---|---|---|---|---|

DEFENDANT: KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER: 19CR70-01 (BAH)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 44,299.44 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Pension Benefit Guaranty Corporation | | $44,299.44 | |
| Attn: Margaret Drake | | | |
| 1200 K Street, NW | | | |
| Washington, DC 20005 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 44,299.44 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  8  of  8

DEFENDANT:  KESSEY DURAND a/k/a Kessey Reggie Durand
CASE NUMBER:  19CR70-01 (BAH)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  100.00  due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay a $100.00 special assessment and $44,299.44 restitution. These amounts are due and
    payable to the Clerk of the U.S. District Court for the District of Columbia.  Restitution payments shall be made in
    accordance to the payment schedule specified on Page 6 of this Judgment and Commitment Order for
    disbursement to the victim by the Clerk of Court of the U.S. District Court for the District of Columbia.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    A money judgment in the amount of the U.S. Currency seized from MetaBank accounts ending in 3200, 7336, 4734,
    2894, 8473, 8668 and 8932, and as set forth in the Final Order of Forfeiture.  (Order attached)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG 2 – 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|                                  |     |                               |
| -------------------------------- | --- | ----------------------------- |
| **UNITED STATES OF AMERICA**     |  :  |                               |
|                                  |  :  |                               |
| **v.**                           |  :  | **Criminal No. 19-cr-70 (BAH)** |
|                                  |  :  |                               |
| **KESSEY DURAND,**               |  :  |                               |
|                                  |  :  |                               |
| **Defendant.**                   |  :  |                               |

## <u>CONSENT FINAL ORDER OF FORFEITURE</u>

**WHEREAS**, a written plea agreement was filed with this Court and signed by the defendant, Kessey Durand, and his counsel, Daniel J. Izquierdo, Esquire, in which the defendant agreed to plead guilty to an Information charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and the defendant has pled guilty to that offense;

**WHEREAS**, the Information alleged the forfeiture of property, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, the Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States;

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment at sentencing;

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, to which the defendant is pleading guilty, is subject to forfeiture, and (2) the following specific property is subject to forfeiture:

(A)     $3,786.48 in United States currency seized from a MetaBank account ending in 3200;

    (B)    $1,311.85 in United States currency seized from a MetaBank account ending in 8473;

    (C)    $2,545.90 in United States currency seized from a MetaBank account ending in 8668; and

    (D)    $3,320.41 in United States currency seized from a MetaBank account ending in 8932;

and the Government has established the requisite nexus between the property and the offense, all pursuant to Title 18, United States Code, Section 1343;

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States for $39,663.45, which is equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One is appropriate, insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 1343;

**WHEREAS**, the United States has agreed to credit the net proceeds it realizes from the forfeiture of the United States currency in the MetaBank accounts identified above to this money judgment upon its final forfeiture to the United States;

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED***:

1.    That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 1343: any property, real or personal, which constitutes or is derived from proceeds traceable to the violation alleged in Count One, to which the defendant has pled guilty.  The following specific property is declared forfeited to the United States:

(A)    $3,786.48 in United States currency seized from a MetaBank account ending in 3200;

(B)    $1,311.85 in United States currency seized from a MetaBank account ending in 8473;

(C)    $2,545.90 in United States currency seized from a MetaBank account ending in 8668; and

(D)    $3,320.41 in United States currency seized from a MetaBank account ending in 8932;

2.    The Court hereby issues a forfeiture money judgment for $39,663.45.  Upon final forfeiture of the specific property identified in the previous paragraph to the United States, the net proceeds realized by the United States shall be credited to this forfeiture money judgment.

3.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

4.    That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment.

5.    The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

6.    The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this _____2nd_____ day of _____August_____, 2019.

_____
BERYL A. HOWELL
CHIEF JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WE ASK FOR THIS:

/s/ Jessie K. Liu
JESSIE K. LIU, D.C. Bar No. 472845
UNITED STATES ATTORNEY

By:

Jonathan Hooks, D.C. Bar No. 468570
Chief, Cyber Crime Section
555 Fourth Street, N.W.
Washington, D.C. 20530
202-252-7796
jonathan.hooks@usdoj.gov

Kessey Durand
Defendant

Daniel J. Izquierdo, Esq.
Counsel for Defendant

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case Sheet 1 — *(NOTE: Identify Changes with Asterisks (*))*

# UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| KESSEY DURAND | ) Case Number: 19CR70-01 (BAH) |
| | ) USM Number: 35508-016 |
| **Date of Original Judgment:** 8/2/2019 | ) Daniel J. Izquierdo and Charles R. Haskell |
| *(Or Date of Last Amended Judgment)* | ) Defendant's Attorney |

**FILED**

SEP 5 - 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1 of the Information filed on 2/21/2019

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | 6/18/2018 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/2/2019
Date of Imposition of Judgment

*Beryl A. Howell*
Signature of Judge

Beryl A. Howell    Chief U.S. District Judge
Name and Title of Judge

September 5, 2019
Date

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                                                                              (NOTE: Identify Changes with Asterisks (*))

|  | Judgment — Page | 2 | of | 8 |

DEFENDANT:  KESSEY DURAND
CASE NUMBER:  19CR70-01 (BAH)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

FIFTEEN (15) MONTHS on Count 1.

☑  The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons designate incarceration at a facility in the vicinity of Miami, FL or Pensacola, FL.

☐  The defendant is remanded to the custody of the United States Marshal.

☑  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m. ☐ p.m. on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☑  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page  3  of  8

DEFENDANT:  KESSEY DURAND
CASE NUMBER:  19CR70-01 (BAH)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

THIRTY-SIX (36) MONTHS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: KESSEY DURAND
CASE NUMBER: 19CR70-01 (BAH)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:   KESSEY DURAND
CASE NUMBER:   19CR70-01 (BAH)

## ADDITIONAL SUPERVISED RELEASE TERMS

Special Assessment - The $100.00 Special Assessment which the defendant is ordered to pay shall be due immediately and shall be payable to the Clerk of the Court for the United States District Court for the District of Columbia.

Restitution Obligation - The defendant shall pay restitution in the amount of $44,299.44 in accordance to the schedule ordered by the Court under the Special Conditions of Supervision.  Restitution payments shall be made to the Clerk of the Court for the United States District Court for the District of Columbia for disbursement to the victim, Pension Benefit Guaranty Corporation, Attn: Margaret Drake, 1200 K Street, NW, Washington, DC 20005.

Change of Address - Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the United States District Court for the District of Columbia, of the change until such time as the financial obligation is paid in full.

Case 1:23-tc-90016-DPC-00070-BAH Document 34 Filed 09/06/19/06/2023 of Page 31 of 38

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                      (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   6   of   8

DEFENDANT:  KESSEY DURAND
CASE NUMBER:  19CR70-01 (BAH)

## SPECIAL CONDITIONS OF SUPERVISION

Community Service - The defendant must complete 100 hours of community service within 18 months.  The probation officer will supervise the participation in the program by approving the program.  The defendant must provide written verification of completed hours to the probation officer.

Financial Information Disclosure - The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the United States Attorney's Office.

Financial Restrictions -  The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Financial Payment - If the judgment imposes a financial penalty, the defendant must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment.  He must also notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Restitution Obligation - The defendant must pay the balance of any restitution owed in accordance with the following schedule, 1) during the defendant's period of incarceration, he must pay restitution in nominal payments of either quarterly installments of a minimum of $25.00 if not working in prison or a minimum of 50 percent of monthly earnings if working in prison; and 2) when the defendant is released from prison, he must pay restitution at a rate of no less than $75.00 each month.

Employment/Volunteer Restrictions - The defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable access to financial records without the permission of the probation officer.

The Court finds that the provision for submission of periodic drug tests, as required under 18 USC 3563(a) and 3583(b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.  Treatment agencies shall return the presentence report to the probation office upon the defendant's completion or termination from treatment.

* Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant, Kessey Durand, is ordered to forfeit a money judgment in the amount of $39,663.45, which is equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One.  The defendant is further ordered to forfeit the following specific property: $3,786.48 in United States currency seized from a MetaBank account ending in 3200; $1,311.85 in United States currency seized from a MetaBank account ending in 8473; $2,545.90 in United States currency seized from a MetaBank account ending in 8668;  and $3,320.41 in United States currency seized from a MetaBank account ending in 8932.  The United States has agreed to credit to the forfeiture money judgment any proceeds it realizes from the forfeiture of the specific property listed above.  (Consent Final Order of Forfeiture attached.)

Case 1:23-tc-5000169-PC-0070-BAH Document 34 Filed 03/06/196/96/2023 of Page 32 of 38

Judgment — Page 7 of 8

DEFENDANT: KESSEY DURAND
CASE NUMBER: 19CR70-01 (BAH)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 44,299.44 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Pension Benefit Guaranty Corpor | | $44,299.44 | |
| Attn: Margaret Drake | | | |
| 1200 K Street, NW | | | |
| Washington, DC 20005 | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 44,299.44 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  KESSEY DURAND
CASE NUMBER:  19CR70-01 (BAH)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $  100.00  due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐  C,  ☐  D,  ☐  E, or  ☑  F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☐  F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay a $100.00 special assessment and $44,299.44 restitution. These amounts are due and payable to the Clerk of the U.S. District Court for the District of Columbia. Restitution payments shall be made in accordance to the payment schedule specified on Page 6 of this Judgment and Commitment Order for disbursement to the victim by the Clerk of Court of the U.S. District Court for the District of Columbia.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    * A money judgment in the amount of $39,663.45 and the following specific property: $3,786.48 in United States currency seized from a MetaBank account ending in 3200; $1,311.85 in United States currency seized from a MetaBank account ending in 8473; $2,545.90 in United States currency seized from a MetaBank account ending in 8668; and $3,320.41 in United States currency seized from a MetaBank account ending in 8932. (See attached Consent Final Order of Forfeiture.)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 – 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA       :
                               :
    v.                         :       **Criminal No. 19-cr-70 (BAH)**
                               :
KESSEY DURAND,                 :
                               :
            **Defendant.**         :

## CONSENT FINAL ORDER OF FORFEITURE

**WHEREAS**, a written plea agreement was filed with this Court and signed by the defendant, Kessey Durand, and his counsel, Daniel J. Izquierdo, Esquire, in which the defendant agreed to plead guilty to an Information charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and the defendant has pled guilty to that offense;

**WHEREAS**, the Information alleged the forfeiture of property, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

**WHEREAS**, the Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States;

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment at sentencing;

**WHEREAS**, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, to which the defendant is pleading guilty, is subject to forfeiture, and (2) the following specific property is subject to forfeiture:

(A)　　$3,786.48 in United States currency seized from a MetaBank account ending in 3200;

(B)     $1,311.85 in United States currency seized from a MetaBank account ending in
        8473;

(C)     $2,545.90 in United States currency seized from a MetaBank account ending in
        8668; and

(D)     $3,320.41 in United States currency seized from a MetaBank account ending in
        8932;

and the Government has established the requisite nexus between the property and the offense, all

pursuant to Title 18, United States Code, Section 1343;

**WHEREAS**, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this

Court determines, based upon the evidence and information before it, including the defendant's

plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of

the United States for $39,663.45, which is equal to the value of any property, real or personal,

which constitutes or is derived from proceeds traceable to the offense alleged in Count One is

appropriate, insofar as this property is subject to forfeiture pursuant to Title 18, United States

Code, Section 1343;

**WHEREAS**, the United States has agreed to credit the net proceeds it realizes from the

forfeiture of the United States currency in the MetaBank accounts identified above to this money

judgment upon its final forfeiture to the United States;

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of

substitute property;

**WHEREAS**, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of

Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the

Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1.     That the following property is declared forfeited to the United States, pursuant to

Title 18, United States Code, Section 1343: any property, real or personal, which constitutes or is

derived from proceeds traceable to the violation alleged in Count One, to which the defendant

has pled guilty.  The following specific property is declared forfeited to the United States:

(A)     $3,786.48 in United States currency seized from a MetaBank account ending in 3200;

(B)     $1,311.85 in United States currency seized from a MetaBank account ending in 8473;

(C)     $2,545.90 in United States currency seized from a MetaBank account ending in 8668; and

(D)     $3,320.41 in United States currency seized from a MetaBank account ending in 8932;

2.     The Court hereby issues a forfeiture money judgment for $39,663.45.  Upon final

forfeiture of the specific property identified in the previous paragraph to the United States, the

net proceeds realized by the United States shall be credited to this forfeiture money judgment.

3.     The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

4.     That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be

made part of the sentence and included in the judgment.

5.     The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal

Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or

dispose of property subject to this Order.

6.     The Clerk of the Court shall forward a certified copy of this Order to

USADC.AFMLS2@usdoj.gov.

Dated this ___2nd___ day of ___August___, 2019.

BERYL A. HOWELL
CHIEF JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WE ASK FOR THIS:

/s/ Jessie K. Liu
JESSIE K. LIU, D.C. Bar No. 472845
UNITED STATES ATTORNEY

By: _____

Jonathan Hooks, D.C. Bar No. 468570
Chief, Cyber Crime Section
555 Fourth Street, N.W.
Washington, D.C. 20530
202-252-7796
jonathan.hooks@usdoj.gov

_____    _____
Kessey Durand                        Daniel J. Izquierdo, Esq.
Defendant                               Counsel for Defendant